NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAHROKH MIRESKANDARI; PAUL BAXENDALE-WALKER, | No. 16-55547 17-55540 |
| Plaintiffs-Appellants, | |
| v. | D.C. No. 2:12-cv-03861-JGB-MRW |
| BARRINGTON MAYNE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted February 4, 2020
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and JACK,** District Judge.

Shahrokh Mireskandari and Paul Baxendale-Walker appeal the district

court's judgment dismissing their action with prejudice. They also appeal the

denial of their motion for an indicative ruling, made under Federal Rule of Civil

Procedure 62.1, that the district court would likely grant relief from the judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Janis Graham Jack, United States District Judge for

under Federal Rule of Civil Procedure 60(b)(2) or (b)(3). We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of the appellants' complaint de novo. *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 873, n.5 (9th Cir. 2017). We review the district court's denial of the Rule 62.1 motion, which served as a denial of the Rule 60(b) motion on the merits, for an abuse of discretion. *See* Fed. R. Civ. P. 62.1(a)(2); *United States v. Asarco, Inc.*, 430 F.3d 972, 978 (9th Cir. 2005). We affirm.

The district court properly dismissed appellants' claims against Barrington Mayne, Malcolm Lees, David Middleton, Antony Townsend, and Richard Hegarty because these defendants were entitled to common-law foreign sovereign immunity. The allegations as to these defendants consistently stated that they acted to further the objectives of foreign government entities, the Law Society of England and Wales ("LSE") and the Solicitors Regulation Authority ("SRA"). Because the defendants performed the alleged conduct in their official capacities, they are entitled to common-law foreign sovereign immunity. *See Dogan v. Barak*, 932 F.3d 888, 893-94 (9th Cir. 2019) (common-law foreign immunity shields foreign officials from liability for "acts performed in their official capacity if the effect of exercising jurisdiction would be to enforce a rule of law against the state." (alteration, citation, and internal quotation marks omitted)). The record does not

the Southern District of Texas, sitting by designation.

support the appellants' contention that these defendants waived common-law foreign sovereign immunity as a defense by failing to raise it in their motion to dismiss.

The district court properly dismissed the defamation claim against Mansur Rahnema as barred by the litigation privilege. *See Wang v. Heck*, 137 Cal. Rptr. 3d 332, 337 (Ct. App. 2012) (discussing requirements for application of California's litigation privilege). Rahnema's email to Dr. Farzam was covered by the privilege because Rahnema was a witness in the LSE/SRA disciplinary proceedings, and the email sought to convince Dr. Farzam to stop assisting Mireskandari so that the proceedings could go forward. Rhanema's phone call to Mireskandari's attorney, Michael Hayes, was made after this litigation began and was thus covered by the privilege.

The district court properly dismissed the Racketeer Influenced and Corrupt Organizations Act ("RICO") claim against Rahnema because appellants failed to allege facts sufficient to show a predicate act. *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (stating the elements of a civil RICO claim). To the extent appellants argue that Rahnema engaged in the predicate acts of witness tampering and extortion, they forfeited this argument by failing to raise it in the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

16-55547

The district court did not abuse its discretion by denying appellants' motion to compel discovery relating to sovereign immunity because appellants failed to demonstrate actual and substantial prejudice resulting from the denial of the requested discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)) The appellants' operative complaint alleges that defendants Mayne, Lees, Middleton, Townsend, and Hegarty were working within their official capacities to advance the goals of the LSE/SRA, and additional discovery would not have affected their eligibility for common-law sovereign immunity.

The district court did not abuse its discretion in denying appellants' motion for an indicative ruling regarding relief from the judgment because appellants failed to establish any basis for such relief. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief from judgment under Fed. R. Civ. P. 60(b)). The district court's finding that appellants' "newly discovered" evidence either could have been discovered previously with reasonable diligence, or was cumulative of evidence already considered, was not "illogical, implausible, or without support in inferences that

4                                                                      16-55547

may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). The same is true of the district court's finding that appellants lacked clear and convincing evidence that the judgment was obtained by fraud.

Appellants' request for "expeditious treatment and/or a limited remand for discovery based on the ages of parities and witnesses" (Docket Entry No. 98 in Appeal No. 16-55547; Docket Entry No. 55 in Appeal No. 17-55540) is denied as moot.

**AFFIRMED.**